UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Oscar Morgan III, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TOPGOLF INTERNATIONAL, INC.; TOP § <br> GOLF USA, INC.; TOPGOLF USA § <br> FT. WORTH, LLC; and JANE DOE, AS § <br> UNNAMED EMPLOYEE, § <br> § | Civil Action No.: 4:25-cv-00206-P-BJ |

## AMENDED COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff, OSCAR MORGAN III ("Plaintiff"), and brings this action against Defendants, TOPGOLF INTERNATIONAL, INC.; TOPGOLF USA, INC.; TOPGOLF USA FT. WORTH, LLC (collectively referred to as "TopGolf Defendants" or "TopGolf"), and JANE DOE, an unnamed employee of TopGolf (hereinafter "Employee"), collectively referred to as the "TopGolf Defendants." and alleges as follows:

This is a civil action seeking declaratory relief, injunctive relief, and damages for unlawful discrimination, harassment, and interference with contractual relations, arising under 42 U.S.C. § 1981 and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and § 1343, as this case arises under federal law. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

## PARTIES

1.  Defendant Topgolf International, Inc. is a foreign corporation organized under the laws of Delaware and authorized to do business in Texas. It is engaged in the entertainment and

1

restaurant business for profit throughout the United States, including Texas, and maintains offices and agents for the transaction of its customary business in Dallas, Texas. It may be served with process through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

2. Defendant Topgolf USA, Inc. is a foreign corporation organized under the laws of Delaware and authorized to do business in Texas. It is engaged in the entertainment and restaurant business for profit throughout the United States, including Texas, and maintains offices and agents for the transaction of its customary business in Dallas, Texas. It may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant Topgolf USA Ft. Worth, LLC is a Texas limited liability company authorized to do business in Texas. It is engaged in the entertainment and restaurant business for profit throughout Texas and maintains offices and agents for the transaction of its customary business in Fort Worth, Texas. It may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. The above entities are collectively referred to in this Complaint as the Topgolf Defendants. These entities publicly operate under the shared trade name "Topgolf," which is often used interchangeably and without distinction, including variants such as: TopGolf, Top Golf, Topgolf USA, TopGolf USA, Topgolf International, and TopGolf Dallas.

5. At all times relevant hereto, Topgolf International, Inc. owned, operated, managed, and was responsible for the safety, maintenance, and mode of operation of the Topgolf facility located at 2201 E. 4th Street, Fort Worth, TX 76102, which is open to the public.

6. At all times relevant hereto, Topgolf USA, Inc. likewise owned, operated, managed, and was responsible for the operation and safety of the Topgolf facility located at 2201 E. 4th Street, Fort Worth, Texas.

7. At all times relevant hereto, Topgolf USA Ft. Worth, LLC owned, operated, and managed the Topgolf facility located at 2201 E. 4th Street, Fort Worth, TX 76102, which is open to the public.

8. Defendant Jane Doe is an individual employee of Topgolf USA Ft. Worth, LLC, who was working at the above-described Fort Worth location at the time of the incident alleged herein. Jane Doe's true identity is currently unknown to Plaintiff despite diligent efforts to ascertain the same. Plaintiff reserves the right to amend this Complaint to substitute the true name once identified. Jane Doe's identity is unknown at this time. Once identified, Plaintiff will amend this Complaint to include her true name and address for service pursuant to Fed. R. Civ. P. 15.

9. Plaintiff Oscar Morgan III is an individual residing in Manatee County, Florida, and is a disabled U.S. Army veteran who was present at the Topgolf Fort Worth location on July 19, 2023.

## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including 42 U.S.C. § 1981 and 42 U.S.C. § 12182 (Title III of the Americans with Disabilities Act).

11. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a resident of Florida, and all Defendants are citizens of Texas and/or Delaware.

12. This Court has personal jurisdiction over all Defendants because they conduct business in Texas and the events giving rise to this action occurred in Texas.

13. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

14. Plaintiff, Oscar Morgan III, is a disabled U.S. Army veteran who sustained traumatic injuries during his military service.

15. Since 2015, Plaintiff has been a frequent patron and member of TopGolf facilities across the country, including in Texas, Florida, Nevada, and Alabama, using the facilities for golf instruction, recreation, and business meetings.

16. On July 19, 2023, Plaintiff reserved a booth at the TopGolf USA Ft. Worth, LLC facility located at 2201 E. 4th Street, Fort Worth, Texas, for a business lunch with a prospective client.

17. Plaintiff arrived at approximately 11:15 a.m., interacted with TopGolf staff, and waited for his client as the facility began to fill up during the lunch hour.

18. Plaintiff selected an available booth and was approached by Jane Doe, an employee of TopGolf USA Ft. Worth, LLC, who took his drink order.

19. Plaintiff ordered a soft drink while awaiting his client's arrival. The client had called earlier to inform Plaintiff that she was running behind schedule.

20. When Jane Doe returned with Plaintiff's drink, he placed a food order consisting of a burger and fries. Shortly thereafter, the client arrived and ordered a salad.

4

21. As Plaintiff and his client began discussing legal matters related to her business, Jane Doe abruptly returned to the table and demanded that Plaintiff provide his credit card as a condition for continuing service.

22. Caught off guard, Plaintiff asked whether this was a standard policy at TopGolf for non-alcoholic lunch service.

23. There was no visible signage or advance notice indicating that customers were required to surrender their credit cards prior to receiving food service.

24. Jane Doe did not explain any written or posted policy and instead repeated her demand, stating that Plaintiff must either surrender his credit card or leave the premises.

25. Plaintiff observed that similarly situated Caucasian patrons were not subjected to the same requirement, reinforcing his belief that the demand was applied in a discriminatory and disparate manner.

26. Embarrassed and concerned about escalating the situation in front of his client and nearby patrons, Plaintiff reluctantly complied and surrendered his card.

27. Plaintiff's client became visibly uncomfortable and asked Plaintiff whether he had a criminal record or history of theft at TopGolf, expressing concern about the perceived implication.

28. Plaintiff, a law-abiding citizen with no criminal history or record of misconduct, was humiliated by the inference and was forced to defend his reputation mid-meeting.

29. The client, distressed by the incident, abandoned the meeting, pushed her food aside, and left the restaurant without further discussion.

30. As a direct result of the incident, Plaintiff lost a valuable business opportunity, and his professional trustworthiness was unfairly and publicly called into question.

31. Plaintiff immediately requested his check and the return of his credit card, and left the premises without receiving any explanation or apology from TopGolf staff.

32. On August 9, 2023, and on or about November 20, 2024, Plaintiff sent written demand letters to TopGolf, formally outlining the discriminatory and humiliating treatment he experienced. A copy of the letter, Defendants' written response and Plaintiff's reply are attached as Composite Exhibit A.

33. Despite this notice and opportunity to address the matter, Defendants failed to take corrective action, and the discriminatory practices described herein remain unresolved.

34. All conditions precedent to the filing of this action have been performed or otherwise satisfied by Plaintiff.

### COUNT I
### Violation of 42 U.S.C. § 12182
(ADA – Public Accommodation Discrimination Against TopGolf USA Ft. Worth, LLC, TopGolf International, Inc., and TopGolf USA, Inc.)

35. Plaintiff realleges and incorporates by reference Paragraphs 1 through 13 and 14 through 34, which describe the parties, jurisdiction, venue, and the events leading to the discriminatory conduct occurring at the Fort Worth TopGolf facility, as though fully set forth herein.

36. Defendants TopGolf USA Ft. Worth, LLC, TopGolf International, Inc., and TopGolf USA, Inc. own, operate, manage, and control TopGolf facilities, including the Fort Worth location, and are responsible for establishing, maintaining, and enforcing corporate-wide policies governing customer service and compliance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182.

37. The TopGolf USA Ft. Worth, LLC facility is a place of public accommodation as defined by 42 U.S.C. § 12181(7), and is subject to the ADA's prohibition against discrimination

in public accommodations. TopGolf International, Inc. and TopGolf USA, Inc. retain authority over training, operations, customer-facing policies, and compliance at this location.

38.  As part of their corporate practices, Defendants have implemented, maintained, or permitted the enforcement of service policies that disproportionately impact disabled individuals, including those regarded as disabled under the ADA.

39.  Defendants applied these discriminatory policies by requiring certain patrons—including Plaintiff, a disabled U.S. Army veteran—to surrender a credit card before receiving service, while similarly situated non-disabled patrons were not subjected to the same demand.

40.  No visible signage or written policy at the facility informed customers that a credit card was required for non-alcoholic food service, indicating that the policy was selectively and discriminatorily applied.

41.  Defendants are responsible for the creation, supervision, and enforcement of these service practices and failed to ensure that their facilities and staff operated in accordance with federal disability rights law.

42.  By maintaining or permitting arbitrary and selectively enforced policies, Defendants denied Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation in violation of 42 U.S.C. § 12182.

43.  Defendants' conduct constitutes an ongoing pattern or practice of discrimination that deprives Plaintiff and similarly situated disabled individuals of their rights under the ADA. As a result of this conduct, Plaintiff suffered humiliation, emotional distress, mental anguish, reputational damage, and the loss of valuable business opportunities.

44. Unless enjoined by this Court, Defendants are likely to continue enforcing discriminatory service policies and practices that violate the rights of individuals with disabilities under the ADA.

WHEREFORE, Plaintiff Oscar Morgan III respectfully requests that this Court:

(a) Enter a declaratory judgment that Defendants TopGolf USA Ft. Worth, LLC, TopGolf International, Inc., and TopGolf USA, Inc. violated 42 U.S.C. § 12182 by discriminating against Plaintiff based on his actual or perceived disability;

(b) Issue a permanent injunction prohibiting Defendants from continuing to engage in discriminatory practices and requiring that they implement ADA-compliant policies, including but not limited to: (i) training employees on ADA obligations and nondiscrimination standards; (ii) revising internal policies to prohibit selective enforcement of payment or identification requirements; and (iii) instituting compliance monitoring mechanisms across all locations;

(c) Award compensatory damages for emotional distress, reputational harm, and lost business opportunities resulting from Defendants' discriminatory conduct;

(d) Award reasonable attorneys' fees and litigation costs pursuant to 42 U.S.C. § 12205; and

(e) Grant such other and further relief as the Court deems just and proper.

## COUNT II
### Violation of 42 U.S.C. § 12182
(ADA – Discriminatory Enforcement by Jane Doe as Agent of TopGolf)

45. Plaintiff realleges and incorporates by reference Paragraphs 1 through 9 and 14 through 31, which concern Jane Doe's actions, her role as an employee, and her conduct during Plaintiff's visit to the Fort Worth location.

46.     At all relevant times, Defendant Jane Doe was acting within the scope of her employment at TopGolf USA Ft. Worth, LLC and was directly involved in the denial of services to Plaintiff on July 19, 2023.

47.     During Plaintiff's business lunch, Jane Doe approached Plaintiff and his guest and demanded, without justification or reference to a written policy, that Plaintiff provide a credit card as a condition for continued service.

48.     No similarly situated non-disabled or non-minority patrons were required to surrender a credit card under the same circumstances.

49.     When Plaintiff inquired whether this was a standard policy, Jane Doe failed to provide any clarification and insisted that Plaintiff either surrender his card or vacate the premises.

50.     Jane Doe's enforcement of this alleged policy was arbitrary, selectively applied, and rooted in her perception of Plaintiff's disability and/or race, resulting in unequal treatment in violation of federal antidiscrimination laws.

51.     Jane Doe's actions caused Plaintiff to suffer: (a) public humiliation and embarrassment in front of a business client; (b) emotional distress and mental anguish; (c) reputational harm; and (d) the loss of a valuable business opportunity.

52.     While Jane Doe acted as an employee of TopGolf, her conduct directly contributed to the discriminatory denial of goods and services in a place of public accommodation.

53.     Plaintiff seeks to hold the corporate defendants liable for Jane Doe's actions under respondeat superior and corporate agency principles. Plaintiff reserves the right to seek additional relief under other applicable federal or state laws.

54.     WHEREFORE, Plaintiff respectfully requests that this Court find that Defendants, through their employee Jane Doe, violated 42 U.S.C. § 12182; award Plaintiff compensatory

damages for emotional and reputational harm; grant injunctive relief requiring TopGolf to revise its training and enforcement protocols; award attorneys' fees and litigation costs under 42 U.S.C. § 12205; and grant such other relief as the Court deems just and proper.

### COUNT III
### (Intentional Infliction of Emotional Distress)
### (Against Jane Doe and TopGolf Defendants)

55. Plaintiff realleges and incorporates by reference Paragraphs 9, and 14 through 31, which set forth the context of the incident, Jane Doe's conduct, TopGolf's response, and the emotional harm caused.

56. Defendant Jane Doe, while acting within the course and scope of her employment at TopGolf USA Ft. Worth, LLC, engaged in extreme and outrageous conduct by publicly humiliating Plaintiff during a professional lunch meeting; unfairly targeting him with an arbitrary demand to surrender his credit card; and implying, without cause or justification, that Plaintiff was untrustworthy or potentially engaged in theft—despite Plaintiff's clean criminal history and established reputation.

57. Defendant TopGolf USA Ft. Worth, LLC, under the direction and oversight of TopGolf International, Inc. and TopGolf USA, Inc., ratified Jane Doe's conduct by failing to properly train employees on anti-discrimination and professional conduct policies; failing to prevent the discriminatory treatment of Plaintiff; and refusing to take remedial action after receiving a formal complaint and demand letter.

58. Defendants' conduct was intentional or, at minimum, carried out with reckless disregard for the severe emotional harm it would cause to Plaintiff in a visibly public and professional setting.

59. The conduct described herein was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society.

60. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional distress, including but not limited to public humiliation, embarrassment, anxiety, and reputational damage in the presence of a professional contact; as well as economic loss due to the abandonment of a business opportunity.

61. Defendants' actions were undertaken with actual malice or reckless disregard for Plaintiff's emotional and professional well-being, warranting the imposition of punitive damages.

62. Plaintiff is entitled to compensatory damages for emotional distress, reputational harm, and economic loss.

63. Plaintiff is further entitled to punitive damages to punish Defendants and deter similar wrongful conduct in the future.

WHEREFORE, Plaintiff Oscar Morgan III respectfully requests that this Court enter judgment in his favor on this claim for Intentional Infliction of Emotional Distress; award compensatory damages; award punitive damages; and grant such other and further relief as the Court deems just and proper.

## COUNT IV
### Negligent Supervision and Training
### (Against TopGolf USA Ft. Worth, LLC, TopGolf International, Inc., and TopGolf USA, Inc.)

64. Plaintiff realleges and incorporates by reference Paragraphs 1 through 9, and 14 through 34, as these paragraphs describe the employer-employee relationship, the incident, the complaint, and Defendants' failure to act.

65. Defendants TopGolf USA Ft. Worth, LLC, TopGolf International, Inc., and TopGolf USA, Inc. owed a duty to Plaintiff, as a patron of their public accommodation, to exercise reasonable care in the training and supervision of their employees to prevent foreseeable misconduct, including discriminatory treatment in violation of federal and state civil rights laws.

66. Defendants breached this duty by failing to adequately train Jane Doe and other employees regarding nondiscriminatory service policies, public accommodations law, and respectful treatment of patrons. Defendants failed to supervise or monitor Jane Doe's enforcement of customer service policies and allowed her to engage in conduct that humiliated, embarrassed, and harmed Plaintiff.

67. Defendants also failed to discipline or take corrective action after receiving Plaintiff's formal complaint, thereby ratifying or perpetuating the misconduct and demonstrating systemic failures in policy enforcement and accountability.

68. TopGolf International, Inc. and TopGolf USA, Inc. are responsible for establishing, managing, and enforcing corporate-wide training programs and supervision protocols at all TopGolf facilities, including TopGolf USA Ft. Worth, LLC. Their failure to ensure the implementation of appropriate policies and training at the local level contributed directly to the injuries suffered by Plaintiff.

69. Defendants knew or, in the exercise of reasonable care, should have known that Jane Doe engaged in discriminatory and humiliating conduct and that such conduct was likely to cause significant emotional, reputational, and professional harm to patrons.

70. As a direct and proximate result of Defendants' negligent supervision and training, Plaintiff suffered severe emotional distress, public humiliation, damage to his professional reputation, and loss of a business opportunity.

71. Defendants' failure to act in accordance with industry standards and federal obligations constitutes gross negligence or, alternatively, a willful disregard of their obligations to protect patrons from foreseeable misconduct.

72. WHEREFORE, Plaintiff Oscar Morgan III respectfully requests that this Court enter judgment in his favor on this cause of action; award compensatory damages for emotional distress, reputational harm, and economic loss; award punitive damages if supported by the evidence; and grant such other and further relief as this Court deems just and proper.

### COUNT V
### Tortious Interference with Prospective Business Relationship
### (Against TopGolf USA Ft. Worth, LLC, TopGolf International, Inc., TopGolf USA, Inc., and Jane Doe)

73. Plaintiff realleges and incorporates by reference Paragraphs 9, and 14 through 31, which relate to Plaintiff's business relationship and Defendants' interference through discriminatory and humiliating conduct.

74. At the time of the incident described herein, Plaintiff had a valid and ongoing business relationship with a prospective client who was meeting Plaintiff at the TopGolf USA Ft. Worth location to discuss retaining legal services.

75. Plaintiff had a reasonable probability of entering into a business agreement with this client based on prior communications, the client's expressed interest in legal representation, and the formal nature of the meeting arranged for July 19, 2023.

76. Defendants, through the actions of their employee Jane Doe and through the policies they implemented or failed to supervise, intentionally or negligently interfered with Plaintiff's prospective business relationship by publicly humiliating Plaintiff, implying he was financially untrustworthy, and requiring him to comply with an unjustified and selectively enforced policy not imposed on similarly situated patrons.

77. Jane Doe and the TopGolf Defendants knew or should have known that the conduct directed at Plaintiff—during a business lunch in a public and professional setting—would disrupt Plaintiff's developing relationship with his client.

78. As a result of the discriminatory and humiliating treatment inflicted by Defendants, Plaintiff's client abandoned the meeting, declined to pursue further engagement, and questioned Plaintiff's trustworthiness and professionalism.

79. The interference by Defendants was without justification, not protected by privilege, and was based on selective and arbitrary enforcement of a policy that was neither posted nor universally applied.

80. As a direct and proximate result of Defendants' actions, Plaintiff suffered reputational harm, emotional distress, and the loss of a valuable business opportunity.

WHEREFORE, Plaintiff Oscar Morgan III respectfully requests that this Court enter judgment in his favor on this claim for tortious interference with a prospective business relationship; award compensatory damages for lost business income, reputational harm, and emotional distress; award punitive damages if supported by the evidence; and grant such other and further relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) Enter a declaratory judgment finding that the actions of Defendants, as alleged in this Complaint, violated Plaintiff's rights under 42 U.S.C. § 12182 and, to the extent pleaded, 42 U.S.C. § 1981;

(b)     Enter a permanent injunction prohibiting Defendants from continuing to engage in unlawful discriminatory conduct against Plaintiff and other disabled individuals who may visit the subject TopGolf Ft. Worth location or any other TopGolf facilities in the future;

(c)     Enter a permanent injunction directing Defendants to take affirmative steps to remedy the effects of the discriminatory conduct alleged in this Complaint and to prevent its recurrence, including but not limited to revising training programs and corporate policies;

(d)     Award compensatory damages to Plaintiff in the amount of $500,000.00, or such other amount as may be proven at trial, for emotional distress, humiliation, reputational damage, and economic harm suffered as a result of Defendants' conduct;

(e)     Award punitive damages to Plaintiff in an amount sufficient to punish Defendants for their intentional, malicious, reckless, and willful conduct, and to deter similar future misconduct;

(f)     Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and other applicable law; and

(g)     Grant such other and further relief as the Court deems just and equitable.

Respectfully Submitted this the 27th day of May 2025.

/s/: Oscar Morgan III
_____
Oscar Morgan III, Pro Se
6061 Brandon Run
Lakewood, FL 34211
205-266-0079
oscaratlaw@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May 2025, I electronically filed the foregoing Plaintiff's Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

John B. Brown
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
john.brown@ogletree.com

Shayna E. Dickman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225
shayna.dickman@ogletree.com
Attorneys for Defendants

                                                   */s/ Oscar Morgan III*
                                                   Oscar Morgan III
                                                   Pro Se Plaintiff