UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**OSCAR MORGAN III,**

   Plaintiff,

v.                                            No. 4:25-cv-00206-P

**TOPGOLF INTERNATIONAL,
INC., ET AL.,**

   Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 29, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case, recommending that Defendants Topgolf International, Inc., Top Golf USA, Inc., Topgolf USA Ft. Worth, LLC, and Jane Doe, as an unnamed employee (together, "Topgolf"), Motion to Dismiss (ECF No. 22) be denied in part and granted in part. ECF No. 25. Topgolf filed Objections to the FCR on November 11, 2025. ECF No. 26. The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Topgolf's Objections.

### BACKGROUND

Plaintiff Oscar Morgan III filed a complaint against Topgolf on May 6, 2025. ECF No. 25. at 1. Topgolf filed a Motion to Dismiss on May 6, 2025. ECF No. 25. at 1. Then, on May 27, 2025, Morgan filed an Amended Complaint. ECF No. 25. at 1. On August 19, 2025, Morgan filed a Second Amended complaint, which is now the live pleading. ECF No. 25. at 1.

In the Second Amended Complaint, Morgan alleges the following: (1) claims pursuant to Title III of the Americans with Disabilities Act ("ADA") against the Topgolf for public accommodation discrimination and, alternatively, for vicarious liability for Jane Doe's discriminatory conduct; (2) a claim for racial discrimination in violation of 42 U.S.C. § 1981 in the making and enforcement of contracts against Topgolf; and (3) a claim against all Defendants for tortious interference with a prospective business. ECF No. 20 at 1, 13.

On September 2, 2025, Topgolf filed a Motion to Dismiss Plaintiff's Second Amended Complaint. ECF No. 22. Defendants argued that (1) Morgan did not have standing to bring a claim under Title III of the ADA, (2) Morgan failed to state a claim under Title III of the ADA, and (3) Morgan failed to state facts showing the elements of a racial discrimination claim under § 1981. ECF No. 22. at 2–3.

On October 29, 2025, Magistrate Judge Jeffrey L. Cureton issued the FCR in this case, recommending that Topgolf's Motion to Dismiss (ECF No. 22) be denied in part and granted in part. ECF No. 25. Topgolf filed objections to the FCR on November 11, 2025. ECF No. 26. The Court accordingly conducted a *de novo* review of the FCR.

## LEGAL STANDARD

### A. Reviewing a Magistrate Judge's FCR

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.* The Court will not consider arguments raised for the first time in objections to the FCR. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). When specific objections are filed as to part of the Magistrate Judge's findings, conclusions, and recommendation, then the Court reviews those parts *de novo*.

### B. Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement

2

of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

Plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (cleaned up). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (cleaned up).

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Magistrate Judge entered an FCR recommending that Topgolf's Motion to Dismiss be partially granted and partially denied. ECF No. 25 at 1. The Court adopts and accepts the reasoning in the Magistrate Judge's FCR and reviews Topgolf's objections in the order they were raised.

### B. Defendant's Objections

Topgolf raised the following objections to the Magistrate Judge's recommendation that the Court deny: (1) Topgolf's motion to dismiss Morgan's ADA claim on the basis that Morgan has standing; (2) Topgolf's motion to dismiss Morgan's Title III of the ADA claim on the

3

basis that Morgan sufficiently alleged facts; and (3) Topgolf's motion to dismiss Morgan's 42 U.S.C. § 1981 on the basis that Morgan sufficiently alleged facts. ECF No. 26 at 2, 5–6. Topgolf's objections are essentially that the Magistrate Judge incorrectly concluded that Morgan has standing and properly pleaded his Title III ADA and § 1981 claims. They are largely a restatement of Topgolf's Motion to Dismiss. ECF No. 22.

1. <u>Plaintiff has standing to bring a claim under Title III of the ADA.</u>

Topgolf's first objection states that the FCR errs in finding that Morgan has standing to pursue an ADA claim. ECF No. 22 at 2. Topgolf contends that the Magistrate Judge incorrectly found that Morgan was deterred from returning to Topgolf after he alleged (1) he "genuinely desires and intends to return to the Topgolf facility in Fort Worth" but is deterred from doing so based on the "discriminatory treatment" and "facility's failure to reasonably accommodate his apparent disability" and (2) he "frequently travels to Texas and other states where Topgolf operates facilities, and he intends to return to the Fort Worth location" but remains deterred because "Defendants have not addressed or corrected the discriminatory practices . . . ." ECF No. 22 at 2.[1]

Topgolf asserts that Morgan's unwillingness to return is insufficient to demonstrate deterrence and thus confer standing. Topgolf tries to distinguish two cases cited by the Magistrate Judge from this case, *Smith v. Bd. of Comm'rs* of *La. Stadium and Exposition Dist.*, 371 F. Supp. 3d 313, 321 (E.D. La. 2019), and *George v. Hobby Lobby Stores, Inc.*, 769 F. Supp. 3d 537, 545–46 (E.D. La. 2025). While these cases may show clearer connections between deterrence and a failure to provide an accommodation, these cases were used to establish the "deterrent effect" test for claims under Title III of the ADA, not to analogize the merits of Plaintiff's claims. In both cases, the courts found that plaintiffs who alleged disability discrimination and that discrimination deterred them

---

[1]Topgolf argues that the recommendation was based on conclusory statements. The Court notes that Topgolf's contention may be meritorious. But, as the FCR correctly notes, Morgan's pleading is sufficient to state a claim at this stage. ECF No. 20. However, at this stage, the court draws all inferences most favorable to the Plaintiff. Topgolf's arguments are better presented at the summary judgment stage.

from returning were sufficient to grant standing. *Smith*, 371 F. Supp. 3d at 323–24; *George*, 769 F. Supp. 3d at 545–46.

"Title III of the ADA authorizes plaintiffs to seek injunctive relief against places of public accommodation operated by private entities." *Smith*, 371 F. Supp. 3d at 321. To establish standing, a plaintiff must allege: (1) an injury in fact; (2) a causal connection between the injury and conduct; and (3) a likelihood that the injury will be addressed by a favorable decision. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992). "A plaintiff seeking injunctive relief, unlike a plaintiff seeking damages, must establish more than the existence of a past wrong to satisfy the injury-in-fact requirement." *Singleton v. Cannizzaro*, No. 17-10721, 2020 WL 3047453, at *3 (E.D. La. June 8, 2020). Courts in the Fifth Circuit rely on *Frame v. City of Arlington* to analyze whether a Plaintiff has standing to seek injunctive relief under Title III of the ADA. 657 F.3d 215, 235–36 nn.100–03 (5th Cir. 2011); *Smith*, 371 F. Supp. 3d at 321–22.

"In light of *Frame*, district courts in the Fifth Circuit have generally adopted the 'deterrent effect' test in Title III cases under the ADA." *Smith*, 371 F. Supp. 3d at 323. "Under the 'deterrent effect' test, plaintiffs need only show that they were deterred from accessing public accommodation to show standing." *Badalementi v. La. Dep't of Wildlife and Fisheries*, No. 19-10849, 2021 WL 4742930, at *2 (E.D. La. Oct. 12, 2021); *see George*, 769 F. Supp. 3d at 545–46 (finding that a plaintiff had standing to state a Title III ADA claim when he had "alleged that he would return to [Defendant's] store if he could"); *see also Smith v. France*, 850 F. App'x 243, 247 (5th Cir. 2021) *aff'g in part, vacating in part, Smith v. Bd. of Comm'rs of La. Stadium and Exposition Dist.*, 371 F. Supp. 3d 313 (E.D. La. 2019) (holding that a plaintiff had standing to pursue a Title III ADA claim when she visited a venue 10 to 15 times in her lifetime and planned to return if able).

Here, Morgan alleged that he "has been a frequent patron and member of Topgolf facilities across the United States" for more than ten years, "frequently travels to Texas and other states where Topgolf operates facilities, and [] intends to return to the Fort Worth location in the future." ECF No. 20 at 4, 7. He "genuinely desires and intends to return to the Topgolf facility in Fort Worth," but "the discriminatory

5

treatment he experienced, combined with the facility's failure to reasonably accommodate his apparent disability, has deterred him from returning." ECF No. 20 at 7. Morgan also alleged that he "remains deterred from patronizing the Fort Worth facility because Defendants have not addressed or corrected the discriminatory practices, creating a continuing and imminent threat of unequal treatment." ECF No. 20 at 7. This is sufficient to show a "deterrent effect" and establish standing.

Having reviewed these authorities and the record in this case, the Court agrees that Morgan has standing to bring a claim. Accordingly, Topgolf's objection as to standing is **OVERRULED**.

2.  Plaintiff sufficiently states a claim under Title III of the ADA.

Topgolf objects to the finding that Morgan sufficiently alleged a claim under Title III of the ADA. ECF No. 26 at 5. To state a claim under Title III of the ADA, a plaintiff must plead: (1) that he has a disability; (2) that the place the defendant owns, leases, or operates is a place of public accommodation; and (3) that he was denied full and equal enjoyment because of his disability. *George*, 769 F. Supp. 3d at 545.

Here, Morgan has alleged that he is a disabled veteran. ECF No. 20 at 4. His disability limits his ability to walk, stand, and bend. ECF No. 20 at 4. Morgan has also alleged that his disabilities are readily visible to others, including Topgolf and its employees, because he demonstrates restricted gait, limited range of motion, and visible mobility impairment. ECF No. 20 at 4. Morgan has also pleaded that the Topgolf Fort Worth facility is a place of public accommodation. ECF No. 20 at 4. Finally, Morgan has alleged that he was asked to surrender his credit card. ECF No. 20 at 5. There was no signage indicating that this was a policy, and no policy was identified by Jane Doe. ECF No. 20 at 5. He alleged that the discrimination was due to his disability because other non-disabled patrons were not required to surrender their cards. ECF No. 20 at 5.

Morgan has thus alleged that (1) he has a qualifying disability; (2) Topgolf is a place of public accommodation; and (3) he faced discrimination because of his disability, as other non-disabled patrons were treated differently.

The Court agrees that Morgan has sufficiently alleged facts regarding his claims under Title III of the ADA to survive a 12(b)(6)

motion to dismiss. Accordingly, Topgolf's objection as to failure to state a claim under Title III of the ADA is **OVERRULED**.

3. Plaintiff sufficiently states a claim under § 1981.

Topgolf objects to the finding that Morgan sufficiently alleged a claim under § 1981. ECF No. 26 at 6. To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute," which, in this case, is the making and enforcement of a contract. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994); *see Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

Morgan has alleged that (1) he is a "Black U.S. Army veteran"; (2) he "was subjected to a discriminatory condition not imposed upon similarly situated non-Black patrons in the same vicinity, namely, the requirement that he surrender a credit card before being served" while "[n]on-Black patrons were allowed to order and consume food without providing a credit card in advance;" and (3) the discrimination interfered with his intent to "form a contractual relationship by purchasing food and beverages." ECF No. 20 at 12.

The Court agrees that Morgan has alleged sufficient facts to survive a 12(b)(6) motion to dismiss. Accordingly, Topgolf's objection as to Morgan's failure to state a § 1981 claim is **OVERRULED**.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, Topgolf's Objections, and Morgan's Response, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Topgolf's Objections. Accordingly, Topgolf's Motion is **DENIED IN PART and GRANTED IN PART**.

**SO ORDERED** on this **4th day** of **February 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE